UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0106(7) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| CLARENCE JAMES DICKENS, JR., | |
| Defendant. | |

Thomas Calhoun-Lopez, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

George R. Dunn, TILTON & DUNN, P.L.L.P., for defendant.

This matter is before the Court on the objection of defendant Clarence James Dickens, Jr. to the January 7, 2016[1] Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel.  Judge Noel recommends denying Dickens's motion to suppress search-and-seizure evidence and denying as moot Dickens's motion to suppress statements and motion to suppress identifications made on August 21, 2014.[2]

---

[1] Judge Noel signed the R&R on January 5, but it was not entered on the docket until January 7.

[2] The body of the R&R recommends denying as moot Dickens's motion to suppress identifications.  ECF No. 290 at 33-34 n.5.  The "Recommendation" section of the R&R, though, recommends simply denying Dickens's motion to suppress identifications.  *Id.* at 44.  The Court understands the R&R to recommend that Dickens's motion to suppress identifications be denied as moot.

Dickens objects to Judge Noel's recommendation that the Court deny Dickens's motion to suppress search-and-seizure evidence. The Court has conducted a de novo review of that portion of the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Based on that review, the Court overrules Dickens's objection and adopts the R&R insofar as it applies to him. Only two matters merit comment:

*First*, Dickens argues that the Court should suppress bullets that a police officer found in Dickens's possession during a *Terry* stop.[3] Dickens appears to argue both that the *Terry* stop was unlawful because the police officer who stopped him did not have "reasonable suspicion that criminal activity may be afoot," *United States v. Hughes*, 517 F.3d 1013, 1016 (8th Cir. 2008), and that, even if the stop was lawful, the search of his backpack was unlawful because the police officer did not have "a reasonable, articulable suspicion that [Dickens] may be armed and presently dangerous," *United States v. Roggeman*, 279 F.3d 573, 577 (8th Cir. 2002). For the reasons described by Judge Noel, the Court agrees that, *if* the *Terry* stop was lawful, the search of Dickens's backpack was also lawful. And, although the Court believes the question is somewhat close, the Court agrees with Judge Noel that the stop was indeed lawful under *Terry*.

While on patrol on the evening of September 8, 2008, Officer Chad Berdahl learned that two black men had committed a robbery and fled into Peavey Park in

---

[3]So named after *Terry v. Ohio*, 392 U.S. 1 (1968).

Minneapolis. Tr. 181, ECF No. 263. Berdahl was told that the two suspects had guns and were wearing black coats, and that one of them was wearing a red shirt. Tr. 181, 191. Berdahl then was told that the suspects had been seen at approximately 8:16 pm in an alley on 24th Street, between Elliot Avenue and Chicago Avenue. Tr. 196-97. At approximately 8:30 pm, Berdahl saw two black men—one wearing a red sweat shirt—standing in front of the recreation center in Peavey Park. Tr. 182, 188, 197. The recreation center is two-and-a-half blocks from where the suspects had been spotted at 8:16 pm and less than a block away from where the robbery occurred. Tr. 192, 197; Def. Ex. 3. Berdahl stopped the two men, one of whom was Dickens. Tr. 182. Berdahl searched Dickens's backpack and found unspent .38-caliber casings. Tr. 187.

The Court finds that, under the circumstances, Berdahl had a reasonable, articulable suspicion to believe that Dickens and his companion had been involved in the robbery. "[A] stop typically is justified when a suspect matches the description of a person involved in a [crime] near in time and location to the stop." *United States v. Horton*, 611 F.3d 936, 940 (8th Cir. 2010). Berdahl had been told that two black men had committed a robbery, and that one of the men was wearing a red shirt. Dickens and his companion were two black men, and Dickens was wearing a red shirt. Moreover, Dickens and his companion were spotted by Berdahl minutes after the robbery had occurred and only a block away from the site of the robbery. "The standard is

reasonable suspicion, not proof beyond a reasonable doubt, nor proof by a preponderance of the evidence, nor even probable cause." *United States v. Trogdon*, 789 F.3d 907, 913 (8th Cir. 2015). These facts gave Berdahl reasonable suspicion.

The facts of this case resemble the facts of *United States v. Horton*. In *Horton*, officers were looking near a bus station for a black male suspect who had been described as wearing a black coat, gray shirt, and backpack. 611 F.3d at 939. Officers saw two black men standing near the bus-loading zone. *Id.* One of the men (Horton) fit the suspect's physical description but was not wearing a backpack. *Id.* When officers approached, Horton walked away. *Id.* The Eighth Circuit held that a *Terry* stop of Horton was justified, given that he "matched the physical description" of the suspect and walked away when officers approached. *Id.* at 940.

Here, the description of the suspects on which Berdahl relied was about as specific as the description in *Horton*. Here, as in *Horton*, there were differences between the description of the suspect and the appearance of the person who was stopped. (Horton did not have a backpack, and Dickens was not wearing a black coat.) Here, Berdahl was looking for two black men when he spotted two black men, whereas in *Horton* the officers spotted two black men when they were looking for one. True, there is no evidence that Dickens walked away from Berdahl in the same way that Horton walked away from officers. Even so, the physical similarity, number of people stopped,

...

and close proximity to the time and place of the robbery gave Berdahl the reasonable suspicion he needed to conduct a *Terry* stop. *See United States v. Arthur*, 764 F.3d 92, 98 (1st Cir. 2014) (holding that police officer had reasonable suspicion to stop two black pedestrians after being told of robbery committed by two black men wearing dark, heavy clothing—even though the descriptions were generic and a majority of the neighborhood's residents were black—given "the precise number of robbers, the immediacy of the robbery, the suspects' close proximity to the crime scene, the direction in which the men were headed, and the dearth of others in the critical two-block area"); *United States v. Lenoir*, 318 F.3d 725, 729 (7th Cir. 2003) ("[P]olice observation of an individual, fitting a police dispatch description of a person involved in a disturbance, near in time and geographic location to the disturbance establishes a reasonable suspicion that the individual is the subject of the dispatch."); *United States v. Juvenile TK*, 134 F.3d 899, 904 (8th Cir. 1998) ("[T]he officers had reasonable suspicion based on the two dispatches released approximately forty minutes apart in the very early morning hours, identifying a male with a gun in a gray vehicle engaging in clearly criminal activity and, more important, the vehicle's temporal and geographic proximity to the crime scenes.").

*Second*, the Court agrees with Judge Noel that evidence from the October 2014 search of Dickens's cell phone need not be suppressed, even though the search warrant

on file with Hennepin County does not include a supporting affidavit. In the version on file (Gov. Ex. 12A), the first page (labeled "Application 1-1") is the first page of a search-warrant application. The second page (labeled "Application 1-3") contains the last paragraph of an affidavit, the signature of Sergeant Gregory Freeman of the Minneapolis Police Department (the officer who applied for the warrant), and the signature of the judge before whom Sergeant Freeman appeared. The third page (labeled "2-1") is the warrant itself, signed by the judge. And the fourth page (which does not include a page number) is the search-warrant receipt, inventory, and return.

At the November 18, 2015 motions hearing, Sergeant Freeman testified under oath and without contradiction that the application that he submitted to the judge included a complete two-page affidavit. Tr. 145, 152-53. The search warrant supports Sergeant Freeman's testimony; it says that "the application and supporting affidavit of Sgt. Gregory Freeman was/were duly presented and read by the Court . . . ." Gov. Ex. 12A at 2-1. At the motions hearing, the government introduced a copy of the text of the full search-warrant application (including both pages of the affidavit), which Sergeant Freeman had retrieved from his computer. Gov. Ex. 12B.

It is obvious that Sergeant Freeman submitted a signed, two-page affidavit (the missing page "Application 1-2" and page "Application 1-3") with the search-warrant application, and that the first page of the affidavit was lost due to an error by a court

employee. In similar situations, courts have held that ". . . a court may consider a duplicate . . . , even one that contains later-added material, when determining whether a search warrant lawfully issued." *United States v. Lazar*, 604 F.3d 230, 235 n.3 (6th Cir. 2010); *see also United States v. Gibbs*, 421 F.3d 352, 358-59 (5th Cir. 2005); *United States v. Lambert*, 887 F.2d 1568, 1571-72 (11th Cir. 1989); *United States v. Garey*, No. IP 01-108-CR-1, 2002 WL 826408, at *4 (S.D. Ind. Apr. 11, 2002), *aff'd*, 329 F.3d 573 (7th Cir. 2003).

Taking into account Sergeant Freeman's sworn testimony, the full affidavit retrieved from Sergeant Freeman's computer, the pagination of the court file, and common sense, the Court agrees with Judge Noel that it was reasonable, under *Leon*, for an officer to rely on the search warrant. Therefore, the evidence found during the search of Dickens's cell phone need not be suppressed.

## ORDER

Based on all of the files, records, and proceedings herein, the Court OVERRULES Dickens's objection [ECF No. 305] and ADOPTS the January 7, 2016 R&R [ECF No. 290] insofar as it applies to Dickens. Accordingly, IT IS HEREBY ORDERED THAT:

1.  Dickens's motion to suppress statements [ECF No. 203] is DENIED AS MOOT.

2. Dickens's motion to suppress search-and-seizure evidence [ECF No. 205] is DENIED.

3. Dickens's motion to suppress identifications [ECF No. 206] is DENIED AS MOOT.

Dated:  February 4, 2016                              s/Patrick J. Schiltz
                                                      Patrick J. Schiltz
                                                      United States District Judge